By her amended answer and cross-petition, Catherine Boland sets up that she was mortgagee at the time of said fire on the premises, i. e., buildings, insured by said policy and burned; that at the time of the issuance of said policy, a stipulation was written therein making the loss, if any, payable to the *255 mortgagee as her interest might appear, the clause being that denominated the New York, Pennsylvania and New Jersey standard mortgagee clause.
To Catherine Boland’s cross-petition the defendant, Firemen’s Insurance Company, files an answer, and the defendant, Catherine Boland, demurs generally to the second, third, fourth and fifth defenses of said answer. These enumerated defenses set out specific and separate wrongs and omissions of duty on the part of the plaintiff, Clara E. Agner, by reason of which said Firemen’s Insurance Company claims the policy set up in the petition has become void, and it, said Insurance Company, released from paying any loss thereunder to any person.
This situation brings us squarely to the issue of law: Can the defendant insurance company plead the acts of the insured, Clara E. Agner, to defeat the right of Catherine Boland to recover under her contract with said company, i. e., to defeat her rights under the mortgagee clause attached to said policy, where such acts were committed or omitted at the time of the issuance of said policy and for the purpose of obtaining its issuance'? The court has carefully examined the briefs filed in this case and the cases therein cited where there is any controversy as to the matter decided. I gather from the brief of Mr. Mooney that he chiefly relies on his proposition that the Agner policy was void ah initio, for the reason that the insured did not make known the existence of other insurance then had with the Washington Insurance Company, of Cincinnati.
The cases principally relied on by defendant’s counsel are from Texas, Hanover Fire Ins. Co. v. Bank, 34 S. W. Rep., 333 (Tex. Civ. App.), and seem to be well considered; but the argument based, as it seems to me, upon a faulty premise, to which I will hereafter refer.
Now the question resolves itself, on the whole, to the court in this way: I, a mortgagee, receive in my mortgage contract a provision, made a condition of the mortgage, which exacts that my mortgagor furnish insurance on the mortgaged property for my benefit in case of loss, as my interest may appear- *256 I have no contractuary duty toward the obtaining of the insurance; that devolves wholly on the mortgagor under his contract with me; he buys the insurance on' his own statement, makes a contract which the’ insurer issues on his statement, the details of which I am ignorant; the statement is satisfactory to the insurer or it certainly would not issue its policy. The insurer then makes, at the wish and direction of its customer, its promise to protect me, and conditions its promise that, when it pays me after loss, it shall be subrogated to my rights under my mortgage; that is the only condition in the promise that the insurer makes me, and no condition or duty of any other kind or character is imposed upon me. That promise is a notice to me that my mortgagor has, satisfactorily to the insurer, arranged for carrying out his contract with me. With what passes between the insurer and my mortgagor, I have no concern. Whether that is a good contract for insurance companies to make I don’t know, but they make them and presumably know their business.
In what way does this transaction differ from the following: John Jones owes me $1,000; Jones has subscribed for ten shares of stock in some corporation. I agree with Jones to accept this stock in payment of my due; Jones makes arrangements satisfactorily to the officers of the corporation, so that they concede his right to the certificates, and, at his request, issue them to me. I receive them, and surrender to Jones their value. If Jones has been guilty of fraud or failure in his engagements in and about obtaining the issuance of the certificates, can the corporation, on the above facts alone, question my rights as a stockholder on the ground that Jones acted as my agent!
If my mortgagor fails to obtain the insurance, the condition of his mortgage is broken, and I may take such steps as I see fit to protect myself. But resting on the insurer’s promise, as to me absolutely unconditional, concerning which I have a right to believe it has protected itself in every.way before issuing, I rest serene, relying on my security, to be met with the proposition when I seek to assert it, that some one, over whom I have no control, in whom I had only a contractuary interest, had fraudulently deceived my promisor.
Jos. P. Hoadley, for plaintiff.
J. ~W. Mooney, for defendant.
The court does not believe that the mortgagor is in any sense the agent of the mortgagee in obtaining insurance in the form in question for the benefit of the mortgagee, and the Texas eases basing their entire opinion on that proposition, I must refuse to be governed by them. Of course, this court disagrees with a supreme tribunal with fear and trembling and all becoming modesty; and as other states differ on this proposition, on which there has never been a ruling in Ohio, I follow the result indicated by the reasoning above.
It seems to the court that the above conclusions, which necessarily separate the dealings of the insurance company with Catharine Boland in their contract sense, from those had with the insured, dispose of all questions arising upon this demurrer, and the same is sustained as to all the defenses that it reaches, except the third, which contains an allegation of partial loss, not very distinctly pleaded, but perhaps no other construction can be placed upon it when attacked by demurrer. Demurrer .to third defense overruled.